NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

WRI SUMMIT REIT LP, et al., *Plaintiffs/Appellees*,

*v.*

STEFANIE A. KUERSCHNER, *Defendant/Appellant*.

No. 1 CA-CV 25-0854
FILED 08-10-2026

Appeal from the Superior Court in Maricopa County
No. CV2024-002481
The Honorable Mary Collins Cronin, Judge *Pro Tempore*

**DISMISSED**

COUNSEL

Fletcher Barnes Law PLC, Tempe
By Timothy H. Barnes, Sheryl L. Andrew
*Counsel for Plaintiff/Appellee WRI*

Frazer, Ryan, Goldberg, Phoenix
By Scott Erickson, Philip B. Whitaker
*Counsel for Plaintiffs/Appellees James T. Kuerschner, et al.*

Stefanie Kuerschner, Carefree
*Defendant/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge Brian Y. Furuya and Judge D. Andrew Gaona joined.

---

**P E R K I N S**, Judge:

¶1 Stefanie Kuerschner appeals from superior court judgments awarding WRI Summit REIT, LP ("Summit") unpaid rent under a commercial lease, and sanctioning her for issuing improper subpoenas. We dismiss her appeal because Stefanie has repeatedly violated our rules by omitting references to the record and inaccurately citing legal authorities.

## FACTS AND PROCEDURAL BACKGROUND

¶2 In May 2019, Summit executed a lease, agreeing to rent a unit in a Scottsdale shopping center to Summit Aesthetics, LLC, ("Aesthetics"). Stefanie agreed to "absolutely and unconditionally guarantee[] the full performance" of Aesthetics under the lease.

¶3 In February 2024, Summit filed a forcible detainer action against Aesthetics and Stefanie in superior court, seeking $96,535.75 for "unpaid monthly rent, common area maintenance, taxes, late fees, interest and other charges." Summit later amended its complaint to remove Aesthetics after it filed for bankruptcy, and sought to recover the unpaid rent from Stefanie alone.

¶4 Before this case began, Stefanie was involved in litigation with the estate of her deceased husband ("the probate case"). *See In re Est. of Kuerschner*, 1 CA-CV 25-0108 PB, 2025 WL 2780806 (Ariz. App. Sept. 30 2025) (mem. decision). In February 2025, the probate court issued a temporary restraining order enjoining Stefanie from filing subpoenas "directly or indirectly" relating to the probate case without prior permission from the court because Stefanie had "willful[ly] violat[ed] prior rulings" denying her third party subpoena authority.

¶5 In July 2025, Stefanie served subpoenas, in this case, on James Kuerschner ("the personal representative") of the estate and two of his banks. The subpoenas, among other things, directed the personal representative and the banks to produce financial documents dating back 12 years.

**¶6** The personal representative warned Stefanie three times that he would move for sanctions if she did not withdraw the subpoenas. She did not, and the personal representative moved the court in this case to quash the subpoenas and sought sanctions under Arizona Revised Statutes Section 12-349(A)(4) (engaging in abuse of discovery), requesting his attorney fees and double damages up to $5,000. The court granted the personal representative's motions to quash the subpoenas and sanctioned Stefanie, ordering her to pay the personal representative's attorney fees, his costs, and an additional $5,000.

**¶7** The case eventually proceeded to trial "regarding damages pertaining to unpaid rents" on July 25, 2025. On July 18, the deadline to submit exhibits for trial, Stefanie requested an extension to submit her exhibits, which the court denied. Stefanie submitted her exhibits three days later. The court precluded the exhibits from trial because Stefanie had received multiple warnings about the deadline and because allowing the untimely exhibits would be unfair to opposing counsel.

**¶8** Stefanie represented herself at the July 25 bench trial. The court ultimately found that Summit was entitled to a judgment of $146,029.45 for the past due rent and its reasonable attorney fees and costs. The court entered final judgments awarding Summit $146,000 for unpaid rent and $44,193.69 in attorney fees and costs, and awarding the personal representative $7,871 in attorney fees and $5,000 in additional sanctions. Stefanie filed a notice of appeal from those judgments on September 29, 2025, and an amended notice of appeal on October 2, 2025. We have jurisdiction over Stefanie's appeal from those judgments. *See* A.R.S. § 12-2101(A)(1).

**¶9** Stefanie moved the superior court to stay the execution of the unpaid rent judgment during her appeal without requiring her to post a supersedeas bond. After a hearing, the court set a $190,193 supersedeas bond—the total amount of the judgment. Stefanie filed several motions asking the court to reconsider the bond amount, which the court denied.

## DISCUSSION

**¶10** Stefanie argues on appeal that the court erred by (1) precluding her trial exhibits, (2) sanctioning her, (3) and setting the amount of the supersedeas bond.

**¶11** Our appellate rules require opening briefs to include a statement of facts "relevant to the issues presented for review with appropriate references to the record." ARCAP 13(a)(5). The opening brief

must also include citations to the legal authorities on which it relies. ARCAP 13(a)(7). Self-represented litigants must "comply with [all] relevant rules of procedural and substantive law," *State v. Gomez*, 231 Ariz. 219, 223, ¶ 15 (2012), and are not afforded any special leniency, *Ramos v. Nichols*, 252 Ariz. 519, 522, ¶ 8 (App. 2022) (we hold unrepresented litigants "to the same standards as attorneys"). If a party violates our procedural rules, we "may impose sanctions that are appropriate in the circumstances of the case, and to discourage similar conduct in the future." ARCAP 25. Such "sanctions may include contempt, dismissal, or withholding or imposing costs or attorneys' fees." *Id.*

**¶12** Stefanie's opening brief does not include a single citation to the record. Her opening brief also consistently misquotes cases and cites cases for propositions either not mentioned or directly contradicted by the case. And one case she cites appears not to exist. We highlight these examples:

- On page 27, the brief quotes *State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 14 (App. 2003) as saying that an appellate court will find an abuse of discretion if a ruling was "manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." But *Burton* contains none of that language.

- On page 28, the brief quotes *Bennett v. Baxter Grp., Inc.*, 223 Ariz. 414, 418, ¶ 10 (App. 2010) as saying: "We review de novo whether the trial court complied with the procedural requirements of § 12-350." But that paragraph in *Bennett* does not mention Section 12-350 and nowhere does it say that we review the trial court's compliance with Section 12-350 *de novo*.

- On page 46, the brief quotes the following language: "Rulings which prevent a party from presenting evidence strike at the heart of due process," citing "*Brown v. U.S. Fidelity & Guar. Co.*, 194 Ariz. 85, 91 ¶ 30 (1999)." But *Brown* was an Arizona Court of Appeals decision from 1998, not an Arizona Supreme Court decision from 1999. *See Brown v. U.S. Fidelity & Guar. Co.*, 194 Ariz. 85 (App. 1998). And more importantly, that case did not mention due process at all.

- On page 48, the brief cites *Cruz v. Superior Court (Ramirez)*, 172 Ariz. 462, 464 (App. 1992). We cannot locate a case with this name in the Arizona appellate courts.

- On page 58, the brief asserts that the court in *Takieh v. O'Meara*, 252 Ariz. 51 (App. 2021) reversed a fee sanction because the trial court "failed to make explicit findings" under Section 12-350, holding that such failure is reversible error per se. But *Takieh* did not contain the quoted language, and it affirmed the trial court's fee sanction—the opposite of what the brief asserted.

These citation errors are consistent with the misuse of generative AI.

¶13 Stefanie failed to comply with ARCAP 13 by failing to cite the record and by submitting inaccurate and misleading legal citations. We may dismiss her appeal on that basis. *See* ARCAP 25; *Matter of Est. of Acciavatti*, 1 CA-CV 25-0606 PB, 2026 WL 2041963, at *2 , ¶¶ 8–10 (Ariz. App. July 15, 2026) (dismissing appeal when the opening brief provided "no citations to the record" and contained "inaccurate and false [legal] citations" as a result of appellant's reliance on generative AI). But, we generally prefer to resolve cases on their merits, *see DeLong v. Merrill*, 233 Ariz. 163, 166, ¶ 9 (App. 2013), so we will look further into "the circumstances of [this] case," to determine whether to dismiss the appeal, ARCAP 25.

¶14 Stefanie was on notice of ARCAP 13's requirements when she filed her opening brief in this appeal. This Court's September 2025 decision in her probate case informed Stefanie that her "opening brief is . . . devoid of the record citations required by ARCAP 13(a)(7)(A), and her case citations are often inaccurate." *Kuerschner*, 1 CA-CV 25-0108 PB, at *5, ¶ 29. The panel in that case opted to address the substance of her arguments, but noted that it could "hold that the deficiencies in Stefanie's opening brief effect a waiver of her right to appellate review of her claims." *Id.* at ¶ 31. Yet, three months later, in December 2025, she made the same mistakes when she filed her opening brief in this appeal.

¶15 Stefanie received additional warnings about violating ARCAP 13 before she filed her reply brief in this appeal. In January 2026, we issued an order in this case which warned Stefanie about potential sanctions should she continue to file pleadings relying on "miscited, misrepresented, or nonexistent legal authorities." In March 2026, this Court issued another decision in her probate case, and dismissed that appeal because of Stefanie's "repeated and unrepentant violations" of ARCAP 13. *Kuerschner v. Kuerschner*, 1 CA-CV 25-0491 PB, 2026 WL 619894, at *2, ¶ 13 (Ariz. App. Mar. 5, 2026) (mem. decision). Yet, Stefanie's reply brief—filed over a month later—once again failed to cite to the record and included multiple inaccurate legal citations. We highlight the following:

- On page 32, she cites "*Starr Pass Resort Developments, LLC v. Harrington*, 237 Ariz. 537 (App. 2015)." But the actual reporter number and date in that case is 245 Ariz. 495 (App. 2018).

- On page 34, she incorrectly asserts that Arizona Rule of Evidence 201 requires judicial notice to have been "sought for a proper and limited purpose."

- On page 35, she cites "*Hertz v. Coy*, 213 Ariz. 264 (App. 2006)." The correct citation is *Hertz v. Coy*, 1 CA-CV 12-0608, 2014 WL 3610893 (Ariz. App. July 22, 2014) (mem. decision). Representing *Hertz* as a published opinion, when it is an unpublished memorandum decision that cannot be cited, even for persuasive value, is particularly problematic. *See* Ariz. R. Sup. Ct. 111(c)(1)(C) (memorandum decisions issued before January 1, 2015, may not be cited for persuasive value).

**¶16**      Dismissal of Stefanie's appeal is warranted under ARCAP 25 because she continued to violate ARCAP 13 despite receiving repeated warnings about its requirements and of the consequences for failing to comply. *See Acciavatti*, 1 CA-CV 25-0606 PB, at *2, ¶ 10.

**¶17**      We note that Stefanie filed a motion on July 16 titled "Corrective Motion to Rely on Verified Authorities," notifying this Court that her opening brief contained incorrect case descriptions and sought to withdraw those case descriptions. We appreciate her candor and always encourage litigants to correct mistakes in their briefs. But Stefanie filed this motion several months after the briefing was completed in this case. This is too little, too late. We therefore deny her motion.

**¶18**      Summit requests its attorney fees and costs incurred on appeal under the guaranty agreement that Stefanie and Summit entered. In that agreement, Stefanie "agree[d] to indemnify and hold harmless [Summit] from all loss, damage, cost, and expense (including without limitation costs of court and attorneys' fees incurred by [Summit]) in the event of a default by [Aesthetics] under [the lease]." Accordingly, we award Summit its reasonable attorney fees and taxable costs on appeal upon compliance with ARCAP 21.

**¶19**      The personal representative requests attorney fees on appeal under Section 12-349(A)(1)–(3) and ARCAP 25. We may impose sanctions on a "party for a violation of these Rules" and such "[s]anctions may include . . . costs or attorneys' fees." ARCAP 25. As we have explained,

Stefanie violated ARCAP 13 because she failed to cite the record and made many inaccurate and misleading legal citations. Therefore, we award the personal representative his reasonable attorney fees and taxable costs on appeal upon compliance with ARCAP 21.

## CONCLUSION

¶20        We dismiss the appeal under ARCAP 25.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR